
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUTHER GENE RAY (1),<br><br>Defendant. | Case No.:  15cr498-CAB<br><br>ORDER ON MOTION TO SUPPLEMENT PRIOR MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)<br>[DOC. NO. 273] |

On February 20, 2025, defendant Luther Gene Ray filed a motion for a reduction of sentence [Doc. No. 262] pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asserting that family circumstances, medical conditions and an alleged sexual assault provided extraordinary and compelling reasons for compassionate release.  The Court denied the motion on March 27, 2025. [Doc. No. 272.]

On April 3, 2025, defendant filed a motion seeking to supplement his dismissed petition with new grounds for compassionate release.  [Doc. No. 273.]  The defendant may not supplement his dismissed petition with a new argument that was not first presented to the Bureau of Prisons (BOP).  Section 3582(c)(1)(A) allows a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the director of the BOP and that request has either been denied or 30 days of have passed.  *United States*

*v. Aruda,* 993 F.3d 797, 799 (9th Cir. 2021).  Defendant cannot circumvent this exhaustion requirement by seeking to add new and different grounds to his dismissed petition that were not first presented to the BOP.

Moreover, the defendant's asserted grounds do not provide an extraordinary and compelling reason for a sentence reduction.  Defendant asserts that a non-retroactive amendment to USSG § 5H1.1 for departures based on age, allowing for a downward departure due to the youth of an offender at the time of the offense or a prior offense, constitutes a "change in the law."  He argues that prior offenses he committed when under the age of 25 should not have been considered as qualifying offenses for a Career Offender designation pursuant to USSG § 4B1.1(a).[1]  He therefore contends that the application of the Career Offender designation to his guideline calculation resulted in an unusually long sentence and a reduction is warranted pursuant to USSG §1B1.13(b)(6).

The application of Career Offender status at the time of defendant's sentencing placed him in Criminal History Category VI.  There has been no "change in the law" or retroactive guideline amendment that warrants an adjustment to the application of USSG § 4B1.1(a) to his sentencing guideline calculation.  The defendant's offense level was calculated at a 47 with a resulting guideline range of Life.  This range applied regardless of whether his Criminal History Category was a V or a VI.[2]

Defendant was sentenced to 360 months of custody on Count I and 120 months of custody on Count II, to run consecutively, a sentence below his guideline.  This sentence as affirmed by the Ninth Circuit. [Doc. No. 200.]  Consequently, the defendant's contention that he should not have been categorized a Career Offender because of his youth when he

---

[1] He was over the age of 18 when he committed the earlier qualifying offenses meeting that element of the enhancement.  USSG § 4B1.1(a).  This guideline enhancement has not been amended.

[2] The Court also addressed this in its previous order denying defendant's request for a sentence reduction based on the reduction of status points pursuant to USSG § 4A1.1(e), which applied would have placed him a Criminal History Category V. [Doc. No. 266.]

committed the earlier offenses has no impact on his guidelines and does not provide an extraordinary and compelling for a sentence reduction.

Defendant's motion to supplement his dismissed petition with unexhausted grounds is DENIED.

**IT IS SO ORDERED.**

Date:  April 8, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge

15cr498-CAB