UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>LUTHER GENE RAY (1),<br><br>                                    Defendant. | Case No.: 15cr498-CAB<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)<br>[DOC. NO. 276] |

Before the Court is Defendant Luther Gene Ray's third motion [Doc. No. 276] for a reduction of his sentence based 18 U.S.C. § 3582(c)(1)(A), which provides authorization for a court to reduce a term of imprisonment for extraordinary and compelling reason. Government filed a response opposing the motion. [Doc. No. 278.] Defendant's motion is DENIED.

The Government opposes the defendant's motion because the defendant has not complied with the statutory exhaustion requirements. Before a defendant may file a motion for sentence reduction, he must first request that the Bureau of Prisons (BOP) file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's own motion for reduction of his sentence only if the motion was filed "after the defendant had fully exhausted all administrative rights to appeal a failure of the BOP to bring such a motion on his behalf" or after 30 days have lapsed "from receipt of such a request by the

warden of the defendant's facility, whichever is earlier." *Id*.; *See U.S. v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("[A]dministrative exhaustion requirement imposes a mandatory claim processing rule that must be enforced when properly invoked.").

The defendant captions his motion a "supplemental motion" presumably in reference to his two previously denied motions for compassionate release. The present motion however raises a new basis and required a showing of independent exhaustion with the BOP before being submitted to the court. *See id*., at 1283 (all requests for compassionate release must be presented to the BOP before they are litigated in federal courts). The defendant has provided no evidence he has submitted a request to the BOP for a sentence reduction based on his present grounds. The motion is therefore DENIED.

Even if defendant could provide evidence that he separately exhausted this request, the defendant has not presented "extraordinary and compelling reasons" for a sentence reduction. The history of the defendant's conviction and sentencing is set forth in the Court's previous orders denying his prior motions for compassionate release. [Doc. Nos. 260, 272.] In summary, he was convicted of sex trafficking of children in violation of 18 U.S.C. § 1591(a) and penalties for registered sex offenders in violation of 18 U.S.C. § 2260(A). A career offender with a total offense level of 42, his guideline range was 360 months to life on Count 1 with a consecutive 120 months on Count 2. He was sentenced to 480 months. His conviction and sentence were affirmed on appeal.

Defendant asserts his sentence is "unusually long" in violation of his due process rights because he argues that he did not have notice of the penalty he faced for violation of 18 U.S.C. § 1591(a) and that his order of judgment and commitment does not reference 18 U.S.C. § 1591(b)(1), which sets forth the penalties for a violation of § 1591(a).

The defendant was charged with and convicted of violation § 1591(a) which clearly states that individuals found in violation of that provision "shall be punished as provided in subsection (b)." *See* 18 U.S.C. § 1591(a). He had notice of the statutory punishments. There was no due process violation in his conviction and sentencing. Defendant has not

1  met his burden of establishing extraordinary and compelling reasons to justify a sentence
2  reduction. This third motion requesting compassionate release is DENIED.
3       **IT IS SO ORDERED.**
4  Dated: June 30, 2025

                             Hon. Cathy Ann Bencivengo
                             United States District Judge